UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ORLIN MARGARITO GOMEZ LACAYO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1255-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Orlin Margarito Gomez Lacayo, representing himself, filed his second petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging his detention by Immigration and Customs Enforcement (ICE) is in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Gomez Lacayo is a citizen of Honduras who was ordered removed from the United States in 2023. He appealed the decision to the Board of Immigration Appeals (BIA), which dismissed his appeal on March 17, 2026. He then filed a petition for review with the Second Circuit, which remains pending. *See Gomez Lacayo v. Blanche*, No. 26-761 (2d Cir. filed Mar. 27, 2026). As detailed in Gomez Lacayo's prior habeas petition before this court, *see Gomez Lacayo v. English*, No. 3:26-CV-502-

CCB-SJF, 2026 WL 1947754, at *1 (N.D. Ind. July 6, 2026), petitioners who seek review of removal orders in the Second Circuit are subject to a "forbearance policy," under which the government has agreed not to remove a petitioner while the petition for review is pending. *See In re Immigr. Petitions for Rev. Pending in U.S. Ct. of Appeals for Second Cir.* (Forbearance Agreement), 702 F.3d 160, 162 (2d Cir. 2012). Should the government seek to remove the petitioner during the forbearance period, the government must notify both the court and the petitioner, and the petitioner may apply to the court for a stay of removal. *Id.*

This court determined in connection with Gomez Lacayo's prior petition that the Forbearance Agreement did not serve to delay the onset of the removal period—the point at which detention is governed by 8 U.S.C. § 1231 (detention while a removal order is effectuated), rather than 8 U.S.C. §§ 1225 or 1226 (detention while removal proceedings are pending). *See Gomez Lacayo*, 2026 WL 1947754, at *1. By statute, the removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). This court concluded that because the Forbearance Agreement was not a court order and the government has the option to proceed with a removal after following certain agreed-upon procedures, Gomez Lacayo entered the removal period on March 17, 2026, when the BIA dismissed his appeal, making his removal

order administratively final. *See Gomez Lacayo*, 2026 WL 1947754, at *3; *see* 8 U.S.C. § 1231(a)(1)(i); 8 C.F.R. § 1101(a)(47)(B).

Gomez Lacayo's detention, therefore, is governed by the standards of § 1231(a), which provides for a 90-day mandatory period of detention to carry out the removal, and then authorizes continued detention for specified groups of noncitizens who were not removed in that 90-day period as long as removal is "reasonably foreseeable." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Id.* at 701.

The court determined in connection with the prior petition that

> . . . . Gomez Lacayo filed his petition when he was still in the 90-day removal period, during which detention is mandatory. Although that period ended on June 15, 2026, he remains in the six-month period of presumptively reasonable detention until September 2026. The fact that the Supreme Court called this a "presumptively reasonable" period, suggests that the reasonableness may be rebutted. However, even if the presumption may be rebutted, Gomez Lacayo has provided no reason to believe his removal to Honduras cannot be carried out.

*Gomez Lacayo*, 2026 WL 1947754, at *4. Gomez Lacayo's present petition was received on August 26, 2026, which was still within the six-month period during which his detention is deemed presumptively reasonable under Supreme Court precedent. The court therefore turns to whether he has provided a reason to believe his removal is not reasonably foreseeable, sufficient to overcome the presumption of reasonableness that attaches to his detention.

Gomez Lacayo has not provided a reason to overcome the presumption of reasonableness that attaches to his detention. Instead, it is evident that he filed this petition because in early August, he was transferred to Winn Correctional Center in Louisiana, presumably in preparation to remove him to Honduras. His attorney objected to the removal, and he was then returned to Miami Correctional Facility in Indiana. He expressed concern that the government may try again to remove him while he is subject to the Forbearance Agreement, but that does not affect this court's inquiry into the legality of his detention, which is focused on whether his removal is reasonably foreseeable. The additional information he provides about the removal attempt does not alter the conclusion that Gomez Lacayo's current detention is authorized while he remains within the six-month period deemed reasonable by the Supreme Court.

For these reasons, the court **DENIES** the petition (ECF 2) under Section 2254 Habeas Corpus Rule 4.

SO ORDERED on September 2, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT